```
                    UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF PENNSYLVANIA


KEITH BARTELLI,                 :
                                :
            Plaintiff           :
                                :   NO. 3:CV-08-1143
        -vs-                    :
                                :   (Judge Kosik)
                                :
JEFFREY A. BEARD, et al.,       :
                                :
            Defendants          :
```

## **MEMORANDUM AND ORDER**

### Background

This case originated in the Court of Common Please of Luzerne County, Pennsylvania, when Keith Bartelli, a frequent litigator in this court, and an inmate in a state correctional institution, filed a civil rights complaint and an addendum, *pro se* and *in forma pauperis*, against a number of medical defendants and state correctional defendants. The medical defendants, with the concurrence of the state defendants, removed the case to this court pursuant to 28 U.S.C. § 1441(b), claiming jurisdiction in this court because of a claim arising under the United States Constitution.

At present, we have defense objections to the Report and Recommendation of a United States Magistrate Judge which recommended that the case be (1) dismissed without prejudice

pursuant to 28 U.S.C. § 1915(g)[1], or (2) in the alternative remanded to Luzerne County for plaintiff to pursue his constitutional claim in state court, which has concurrent jurisdiction over such claims.[2]

## Discussion

Although this action was filed *pro se* in state court, and was removed by the defense pursuant to 28 U.S.C. § 1441(b) because it involved a right in which this court has original jurisdiction, as well as concurrent jurisdiction with the state court, the Magistrate Judge recommended dismissal or remand based on the Prisoner Litigation Reform Act of 1995 (PLRA), *as amended*, 28 U.S.C. § 1915(g), which bars the doors of our courts against indigent prisoner litigants who fall under a "three strikes" rule because they resorted unsuccessfully to civil litigation in the past and did not fall under any exception.  Persons such as the plaintiff must face the same financial risks and considerations faced by other litigants who pay a filing fee.

The defense objects to the Magistrate Judge's recommendation on the grounds that the plaintiff did not initiate the litigation

---

[1] Bartelli is subject to the three strikes rule with this court under 28 U.S.C. § 1915(g). *See Bartelli v. Beard*, No. 05-CV-1285 (M.D.Pa.).  Under the statute, a prisoner cannot "bring a civil action or appeal a judgment ... if the prisoner has, on 3 or more occasions, while incarcerated or detained ... brought an action ... that was dismissed on grounds that it is frivolous, malicious or fails to state a claim ..."  absent imminent danger of serious physical injury.

[2] After the removal of this case, and after the Report and Recommendation of the Magistrate Judge dated June 27, 2008, both sets of defendants filed motions to dismiss on July 9, 2008 and August 7, 2008, respectively.  These remain pending.

in federal court, and that because the defense removed it as a matter of right, the three strikes rule does not bar the litigation of plaintiff's case.  *See Gray v. Cardoza*, 2006 U.S. Dist. LEXIS 43710 (E.D. Cal. June 26, 2006)(holding that because the defense paid the filing fee on removal, the plaintiff is not barred by § 1915(g)); *Lanier v. Holiday*, 2005 U.S. Dist. LEXIS 44279 (W.D. Tenn. June 16, 2005)(holding that the defense had an "absolute right" to remove from state court).[3]

The Magistrate Judge based his decision to dismiss, under the three strikes rule, on *Farnsworth v. Washington State Department of Corrections*, 2007 WL 1101497 (W.D. Wash. April 9, 2007), where the case was removed to the district court by the defense.  The court noted that while the plaintiff may not have intended to bring an action before a court of the United States, the unfortunate consequence of bringing a federal civil rights action in state court is that it generally may be removed by defendants to federal court, thereby subjecting a plaintiff to the three strikes rule.

The cases present an anomalous situation.  If an indigent federal three strikes plaintiff sues in state court and the case is removed to the federal court where plaintiff is obligated to continue his litigation, it results in trumping the effect of § 1915(g).  If the plaintiff is precluded from initiating the

---

[3] We note that in both cases the court went on to dismiss the cases after screening pursuant to 28 U.S.C. § 1915A which permits screening of prisoner cases.  After ordering a dismissal in *Lanier*, the court imposed a monetary sanction on plaintiff if he appealed and the court ordered the same sanction if plaintiff filed any future cases which were in turn removed to the district court.

litigation in federal court by reason of §1915(g), a defendant can effectively end a meritorious claim by an indigent plaintiff in state court by removing it to federal court where the claim will be stricken under the three strikes rule.  Under both scenarios, a plaintiff would also lose the right to appeal; a remedy also denied him under §1915(g).

Interestingly, our United States Court of Appeals for the Third Circuit addressed a challenge to § 1915(g) in *[Abdul-Akbar v. McKelvie](), 239 F.3d 307 (3d Cir. 2001)*.  The court noted the necessity of § 1915(g) in federal court along with the fact that the legislation does not bar a plaintiff if the necessary fee is paid.  It further noted that the appellant prisoner overlooked the fact that prisoners may seek relief in state court, where limitations on filing *in forma pauperis* may not be as strict.  The court noted that this is what Congress intended in passing the PLRA.

The dissent in *Abdul-Akbar* believes that the "three strikes" rule bars a disfavored group -- indigent prisoners -- from exercising the fundamental right of access to the courts, and although the alternative forum argument may have superficial appeal, it cannot withstand searching examination in various areas we will not extensively elaborate on here; one being that the alternative forum may have its own three strikes rule.  Another area is the anomalous situation we alluded to earlier and which arises out of the conflicting reasoning in the cited district court cases of the Magistrate Judge and the defense.

Under the circumstances, we believe that to sustain the defense objections to the Magistrate Judge's Report could result in the denial of an indigent litigant's right to appeal; also a fundamental right of access to the courts.  The prospective loss is more significant if it is only denied to one class of litigant. *See [id. at 329-330 n.40](id. at 329-330 n.40)*.

For the above reasons, the Report and Recommendation of the Magistrate Judge will be ADOPTED, and the case will be REMANDED to the Luzerne County Court of Common Pleas for plaintiff to pursue his constitutional claims.

SO ORDERED.

                                          ***s/Edwin M. Kosik***
                                          United States District Judge

Dated:  September 24, 2008